UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| TRUE TO LIFE, L.L.C., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:24-CV-480-KAC-DCP ) |
| STATE FARM FIRE AND CAUSALTY COMPANY, | ) ) ) |
| Defendant. | ) ) |

## ORDER REGARDING JURISDICTION

On December 3, 2024, Defendant filed a "Notice of Removal" [Doc. 1] purporting to remove this action from state court to federal court under 28 U.S.C. § 1441. The Notice asserts that this Court "has original jurisdiction" "pursuant to 28 U.S.C. §1332(a)(1)," commonly referred to as diversity jurisdiction, "because this action involves a dispute between a Tennessee Limited Liability Company of the state of Tennessee and a corporation of the state of Illinois" [Doc. 1 at 2]. In support, Defendant alleges that (1) it is "a corporation organized and existing under the laws of" "Illinois" "with its principal place of business in Illinois," and (2) Plaintiff "is a Tennessee Limited Liability Company, whose principal office is located" in Tennessee [*Id.* at 1].

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . . It is to be presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The removing party bears the burden of establishing this Court's jurisdiction. *See, e.g.*, *K.B. v. Methodist Healthcare-Memphis Hosps.*, 929 F.3d 795, 803 (6th Cir. 2019) (citing *Paul v. Kaiser Found. Health Plan of Ohio*, 701 F.3d 514, 520 (6th Cir. 2012)). This Court has an

independent obligation to ensure that it has subject matter jurisdiction in this case. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"). The Notice alleges that Plaintiff "True to Life, L.L.C." is a limited liability company [Doc. 1 at 2]. For purposes of diversity jurisdiction, "[a] limited liability company has the citizenship of each of its members." *See Stryker Emp. Co., LLC v. Abbas*, 60 F.4th 372, 380-81 (6th Cir. 2023) (citation omitted). Defendant has not identified Plaintiff's members or pled the citizenship of each of Plaintiff's members. Therefore, the Court cannot assess whether diversity jurisdiction exists such that the Court has jurisdiction to hear this action.

Accordingly, the Court **ORDERS** Defendant to file a response to this Order on or before **December 19, 2024** with facts sufficient to show that this Court has jurisdiction over the action. A failure to respond will be grounds for the Court to dismiss this action. *See* Fed. R. Civ. P. 41(b); *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (noting that Rule 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court").

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge